

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Claud Wolf
County Auditor
Howard County
Big Spring, Texas

Dear Sir:

Opinion No. O-3323
Re: Howard County has no authority to pay a part of the purchase price of a fire truck to be used by the city of Big Spring to extinguish fires outside the city limits.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Please let me have your opinion as to whether or not it would be legal for Howard County to pay a part of the purchase price of a fire truck to be used by the city of Big Spring Texas to extinguish fires outside of the city limits.

"The city has been doing quite a lot of fire fighting outside of the limits, and have asked the County to pay a part of the purchase price of a chemical truck for use outside the city."

Article 2351a, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The Commissioners Court in counties having a population of more than three hundred thousand (300,000) and less than three hundred and fifty thousand (350,000) inhabitants in accordance with the last preceding Federal Census, and in counties having a population of more than forty-eight thousand, five hundred

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

(48,500) and less than forty-nine thousand (49,000) inhabitants and in counties having a population of not less than twenty-two thousand and eighty-nine (22,089) nor more than twenty-two thousand, one hundred (22,100) inhabitants in accordance with the last preceding Federal Census, shall have the authority to purchase fire trucks and other fire-fighting equipment by first advertising and receiving bids thereon as provided by law, to be used for the protection and preservation of bridges, county shops, county warehouses, and other property located without the limits of any incorporated city or town."

Article 2351b-1, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The Commissioners Courts in counties having a population of less than twenty thousand (20,000), according to the last preceding Federal Census, and a property valuation of more than One Hundred Million Dollars ($100,000,000), according to the last approved county tax rolls, are authorized and empowered to enter into contracts and agreements with the governing bodies of municipalities within such counties for the purpose of furnishing fire protection within such counties, but outside the corporate limits of such municipalities, and to make appropriations for paying such municipalities for furnishing such fire protection."

Howard County does not come within the population brackets set forth in the above quoted statutes. We express no opinion here as to the constitutionality of said statutes or any portions thereof.

It is settled law that the Commissioners' Court has no authority or powers except those conferred by the Constitution and statutes, either expressly or by necessary implication.

Honorable Claud Wolf, Page 3

We have been unable to find any constitutional or statutory authority, either express or implied which would authorize the proposed expenditure of county funds.

Opinion No. O-1299 of this department holds that county Commissioners' Courts would have no authority to contract with cities for fire protection, in the absence of statutory authority.

You are respectfully advised that it is the opinion of this department that your question should be answered in the negative, and it is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED APR 2, 1941

By

FIRST ASSISTANT
ATTORNEY GENERAL

Wm. J. Fanning
Assistant

WJF:GO

